# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Shenzhen Huajing International Trade Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>THE GREASE BOX LLC,<br><br>Defendant. | Case No.: 2:25-cv-1300<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY AND FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**<br><br>**DEMAND FOR A JURY TRIAL** |

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

Plaintiff Shenzhen Huajing International Trade Co., Ltd. ("Huajing" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant The Grease Box LLC ("Grease Box" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action that seeks various forms of relief due to Defendant's bad faith assertions of patent infringement against Plaintiff.

2. This is an action for: (i) a declaratory judgment of non-infringement of U.S. Patent No. 11,812,895 B2 (the "'895 Patent" or "Asserted Patent"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35 of the United States Code; and (ii) tortious interference with prospective economic advantage and/or contractual relationships. A true and correct copy of the '895 Patent is attached hereto as **Exhibit 1**.

3. This is also an action for a judgment that Defendant has violated Revised Code of Washington ("RCW") 19.350 *et seq.* (the Patent Troll Prevention Act) (the "PTPA") and RCW 19.86 *et seq.* (the Washington State Consumer Protection Act) (the "CPA") by making bad faith assertions of patent infringement.

4. Defendant has made baseless assertions that Plaintiff infringed its '895 Patent, which directly resulted in Amazon's wrongful removal of Plaintiff's product listings and caused Plaintiff to suffer substantial harm. Defendant's infringement allegations lack merit. After Defendant improperly filed a patent infringement complaint with Amazon that led to the takedown, Plaintiff proactively contacted Defendant and provided a detailed non-infringement explanation. Despite this, Defendant continued to stand by its meritless claims and refused to withdraw the Amazon complaint. Throughout the correspondence, Defendant failed to meaningfully address Plaintiff's non-

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 1 OF 18

infringement arguments and provided no evidence of having conducted a substantive analysis or comparison addressing Plaintiff's positions. Judgment is therefore also appropriately entered in Plaintiff's favor and against Defendant under the PTPA and the CPA.

## PARTIES

5. Plaintiff Huajing is a limited company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Room A402, Jinwen Pavilion, Building 1, Phase II, Jinguan Huacheng Yajingyuan, No. 88, Hongmian 1st Road, Huale Community, Henggang Street, Longgang District, Shenzhen, Guangdong Province, China. Huajing is engaged in the sale of grease buckets for use with outdoor cooking devices. Huajing sells such products in the United States through its Amazon storefront under the name VattaFrast.

6. Upon information and belief, Defendant The Grease Box LLC ("Grease Box") is a limited liability company organized and existing under the laws of the United States, with its principal place of business located at 19848 N Cave Creek Rd, Phoenix, Arizona 85024, United States. Grease Box is the listed owner or assignee of the '895 Patent.

## JURISDICTION & VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

8. This action also arises under the PTPA enacted by the State of Washington at RCW 19.350 et seq., prohibiting bad faith assertion of patent infringement, and RCW 19.86 et seq., the CPA.

9. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 2 OF 18

PTPA, CPA, and other state claims alleged against Defendant, as those claims arise out of the same case or controversy as its declaratory judgment claim for which this Court has original jurisdiction.

11. Further, Plaintiff has standing to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, because a real and immediate controversy exists between Plaintiff and Defendant. Defendant filed an patent infringement complaint with Amazon accusing Plaintiff of infringing the '895 Patent, which led to the removal of Plaintiff's key product listings. Plaintiff then sent Defendant a detailed non-infringement analysis and requested withdrawal of the complaint, but Defendant refused. As a result, Plaintiff has suffered serious harm, including loss of sales, reputational damage, and disruption of its primary U.S. sales channel. These facts create a reasonable apprehension that Defendant will continue to take enforcement actions against Huajing. Declaratory relief is necessary to confirm that Plaintiff's products do not infringe any valid claim of the '895 Patent and to require Defendant to retract its baseless Amazon complaint.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its conduct at Washington by initiating an APEX complaint with Amazon, which resulted in the removal of Huajing's product listings. Plaintiff's claims arise directly from Defendant's use of the APEX program to effectuate delisting through Amazon.com, whose principal place of business is located in this District.

13. As widely known, Amazon's principal place of business is in Seattle, Washington, and on information and belief, Amazon administers the APEX program in whole or in part from its Seattle offices. Further, the agreement governing the APEX process—which Defendant voluntarily signed—expressly provides that "Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." *See* Exhibit 2. By choosing to initiate the APEX

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 3 OF 18

process through Amazon, Defendant agreed to litigate related matters in this District and should reasonably expect to face litigation in this district.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action occurred in this District and because Defendant is subject to personal jurisdiction here. In particular, Defendant's wrongful prosecution of the APEX complaint through Amazon, headquartered in Seattle, directly caused the harm at issue.

## FACTUAL BACKGROUND

15. Plaintiff sells grease bucket products for outdoor cooking devices in the United States through its Amazon storefront under the brand name VattaFrast.

16. The grease bucket products at issue in this action are listed under the following Amazon Standard Identification Numbers ("ASINs"): B0DJFNG1DP, B0DNSP3TFJ, B0DSVQ4SND, and B0DJBB85FK (collectively, the "Accused Products").

17. On or about February 3, 2025, Plaintiff received a "Notice: Policy Warning" email from Amazon.com stating that the Accused Products were removed due to a report from a rights owner alleging patent infringement. The removed Accused Products are key listings in Plaintiff's U.S. business operations. *See* Exhibit 3.

18. Plaintiff later discovered that, in or around November 2024, Defendant submitted a complaint under Amazon's Patent Evaluation Express (APEX) program against the Accused Product Asin B0DJBB85FK, alleging infringement of U.S. Patent No. 11,812,895 B2. Pursuant to Amazon's APEX procedures, Plaintiff's Asin B0DJBB85FK were removed as a result of Defendant's complaint. *See* Exhibit 4.

19. The Amazon marketplace constitutes Plaintiff's primary channel for sales into the United

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 4 OF 18

States. The delisting of the Accused Products has denied Plaintiff access to its core market and caused significant disruption to its business.

20. Upon information and belief, Defendant also operates a storefront on Amazon.com under the brand name THE GREASE BOX, through which it sells grease bucket products that compete directly with Plaintiff's products. Defendant and Plaintiff thus operate in the same commercial space, targeting the same consumer base.

21. On or about February 18, 2025, Plaintiff, through legal counsel, contacted Defendant, provided a detailed non-infringement analysis of the Accused Products, and formally requested that Defendant withdraw its Amazon complaint. Plaintiff also expressed a willingness to explore settlement to minimize damages and resolve the matter swiftly. See Exhibit 5.

22. Despite Plaintiff's good-faith efforts, Defendant has not withdrawn its complaint, nor acknowledged Plaintiff's non-infringement position. Defendant has failed to substantively analyze, or engage with Plaintiff's detailed non-infringement analysis, and has provided no claim comparison. As a result, Plaintiff's products remain delisted from Amazon, causing ongoing and substantial commercial harm, including lost sales, reputational damage, and the loss of access to its primary U.S. sales platform.

23. The '895 Patent is titled "*Grease containment systems*", was filed on August 4, 2020, and issued on November 14, 2023, and lists Amy Beaumont and Markus Dale Hillman as inventors. The assignee of the '895 Patent is The Grease Box LLC. The '895 Patent purports to disclose a system designed to collect grease from outdoor cooking devices such as grills and smokers, featuring a two-part enclosure and a receptacle support structure within the lower portion of the enclosure.

24. The only two independent Claims of the '895 Patent are Claim 1 and Claim 16.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 5 OF 18

25. Independent Claim 1 of the '895 Patent recites as follows:

"A system, relating to catching fluid drainage from an outdoor cooking device in an outdoor environment, comprising:

    a) at least one receptacle structured and arranged to receive and collect fluid draining from the outdoor cooking device generated by food cooking within a cooking enclosure of the outdoor cooking device; and

    b) an enclosure structured and arranged to enclose said at least one receptacle;

    c) wherein said enclosure comprises:

        an upper portion comprising a top and side walls;

        a lower portion comprising a bottom and side walls surrounding the at least one receptacle, the lower portion being separable from the upper portion;

        at least one receptacle support within the lower portion of the enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle;

        at least one mount comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure to a drain of the outdoor cooking device;

    d) wherein said enclosure comprises at least one insulation layer between said receptacle and the side walls; and

    e) wherein said enclosure is directly exposed to the outdoor environment while mounted to the drain of the outdoor cooking device."

COMPLAINT FOR DECLARATORY JUDGMENT  
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.  
4202 MERIDIAN ST  
STE 105-313  
BELLINGHAM, WA 98226  
TELEPHONE: (650) 468-0560

PAGE NO 6 OF 18

26. Independent Claim 16 of the '895 Patent recites as follows:

"A system, relating to catching fluid drainage from an outdoor cooking device in an outdoor environment, comprising:

    a) the outdoor cooking device;

    b) at least one receptacle structured and arranged to receive and collect fluid draining from said outdoor cooking device generated by food cooking within a cooking enclosure of said outdoor cooking device; and

    c) an enclosure structured and arranged to enclose said at least one receptacle;

    d) wherein said enclosure comprises:

        an upper portion comprising a top and side walls;

        a lower portion comprising a bottom and side walls surrounding the at least one receptacle, the lower portion being separable from the upper portion;

        at least one receptacle support within the lower portion of the enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle;

        at least one mount comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure to a drain of the outdoor cooking device;

    e) wherein said enclosure comprises at least one insulation layer between said receptacle and the side walls;

    f) wherein at least one wall of said walls comprises at least one thermal vent structured

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 7 OF 18

and arranged to vent heat from the fluid collected in said at least one receptacle out of said enclosure;

g) wherein said at least one thermal vent comprises at least one damper structured and arranged to dampen air flow through said enclosure; and

h) wherein said enclosure is directly exposed to the outdoor environment while mounted to the drain of said outdoor cooking device.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '895 Patent)

27. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

28. The manufacture, use, offer for sale, sale, and/or importation of the Accused Products, have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '895 Patent.

29. The Accused Products do not infringe independent Claim 1 of the '895 Patent, as they lack at least the following limitation: "at least one receptacle support within the lower portion of the enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle," and "a lower portion comprising a bottom and side walls surrounding the at least one receptacle" In the Accused Products, the receptacle is supported directly by the bottom of the enclosure, and there is no separately structured internal component serving as a receptacle support. *See* FIG. 1 below.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 8 OF 18

| The '895 Patent | The Accused Products |
|---|---|

**FIG. 1**

30. The Accused Products do not infringe independent Claim 1 of the '895 Patent because they lack at least the following limitations: "an upper portion comprising a top and side walls" and "at least one mounxt comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure to a drain of the outdoor cooking device." In the Accused Products, the upper portion consists of only a top without any side walls and therefore does not constitute an "upper portion" as recited in Claim 1. *See* FIG. 2 below.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 9 OF 18

| The '895 Patent | The Accused Products |
|---|---|

**FIG. 2**

31. The Accused Products also do not meet the limitation of Claim 1(d), which requires "at least one insulation layer between said receptacle and the side walls." In the Accused Products, there is no "insulation layer" present. The receptacle is supported directly by the bottom surface of the enclosure and is in direct contact with it, without any insulation layer. This configuration is materially different from the structure described in Claim 1 of the '895 Patent and contradicts the Applicant's own statements made during prosecution regarding the claimed insulation structure. *See* FIG. 3 below.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 10 OF 18

| The '895 Patent | The Accused Products |
|---|---|
|  |  |

**FIG. 3**

32. Likewise, the Accused Products do not infringe independent Claim 16 of the '895 Patent. Claim 16 incorporates all of the limitations of Claim 1. As discussed above, the Accused Products lack multiple limitations of Claim 1, and thus necessarily fail to meet the requirements of Claim 16.

33. In addition, the Accused Products do not satisfy at least the following limitations of Claim 16: "f) wherein at least one wall of said walls comprises at least one thermal vent structured and arranged to vent heat from the fluid collected in said at least one receptacle out of said enclosure" and "g) wherein said at least one thermal vent comprises at least one damper structured and arranged to dampen air flow through said enclosure." The Accused Products include neither a thermal vent nor a damper as required by these limitations.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 11 OF 18

34. Plaintiff's non-infringement position is further supported by established claim construction principles. If Defendant were to argue that the bottom of the enclosure alone constitutes the claimed "receptacle support," such an interpretation would lack both factual and legal basis. Claim 1 of the '895 Patent explicitly describes the "bottom" and "one receptacle support" as distinct components, indicating that they are not one and the same. Courts have consistently held that when claim language recites elements separately, they must be interpreted as referring to distinct structural components. See *Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) ("[T]he clear implication of the claim language is that the listed components are distinct."). Because the Accused Products contain no separately structured receptacle support apart from the bottom surface of the enclosure, they do not satisfy this limitation under a proper construction of the claim.

35. An actual, substantial, and immediate controversy exists between Plaintiff and Defendant concerning the alleged infringement of the '895 Patent, which warrants judicial resolution pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Plaintiff is entitled to a declaratory judgment that the Accused Products have not infringed and do not infringe any valid or enforceable claim of the '895 Patent.

## COUNT II

### (Tortious Interference with Existing and Potential Business Relationship)

37. Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff has existing and ongoing business relationships with customers in the United States through its Amazon storefront under the brand name VattaFrast, through which it markets and sells the Accused Products.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 12 OF 18

39. Plaintiff also had reasonable expectations of entering into additional commercial relationships with new and prospective customers through its Amazon platform, including continued sales and expansion of its product lines in the grease bucket market.

40. Defendant was aware, or reasonably should have been aware, of Plaintiff's existing and prospective business relationships. Upon information and belief, Defendant operates a storefront on Amazon under the name THE GREASE BOX and sells competing grease-collection products. Accordingly, Defendant was in direct competition with Plaintiff and had knowledge of Plaintiff's presence in the relevant product category.

41. On or about November 2024, Defendant initiated an infringement complaint under Amazon's APEX program, asserting that the Accused Products infringed the '895 Patent. A copy of Amazon's warning notice to Plaintiff regarding this complaint is attached as Exhibit 4.

42. Amazon delisted several of Plaintiff's Accused Product listings on or about February 3, 2025 because of Defendant's complaint. A true and correct copy of the delisting notice from Amazon is attached as Exhibit 3.

43. Immediately after discovering the delisting, Plaintiff—through counsel—contacted Defendant and provided a detailed non-infringement analysis explaining that the Accused Products do not meet the limitations of the '895 Patent, including the required presence of a "receptacle support" separate from the enclosure bottom. Plaintiff requested that Defendant withdraw the Amazon complaint and also expressed a willingness to resolve the matter amicably. A copy of the letter sent to Defendant is attached as Exhibit 5.

44. Despite being presented with facts and analysis showing that the Accused Products do not infringe the '895 Patent, Defendant refused to withdraw its complaint. Defendant has failed to

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 13 OF 18

substantively analyze, or engage with Plaintiff's detailed non-infringement analysis, and has provided no claim comparison. As a result, Plaintiff's products remain delisted from Amazon, causing ongoing and substantial commercial harm, including lost sales, reputational damage, and the loss of access to its primary U.S. sales platform. Upon information and belief, Defendant's continued assertion was not based on a good faith belief in infringement, but was instead intended to interfere with Plaintiff's Amazon-based sales and eliminate market competition.

45. Defendant's conduct intentionally and unjustifiably disrupted Plaintiff's ongoing and potential commercial relationships. Defendant's actions constitute tortious interference with business expectancies.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant and escalating harm, including substantial lost sales, lost platform visibility, lost access to customers, and reputational damage. Portions of Plaintiff's inventory were forcibly discarded by Amazon following the takedown, resulting in permanent loss of product value and additional disposal fees.

47. Plaintiff had invested substantial resources into building each product listing, including hundreds of dollars in daily advertising to generate traffic and sales momentum. The removal of the listings not only halted revenue but also irreversibly erased the accumulated sales history, customer engagement metrics, and algorithmic weight-making it effectively impossible to return to the prior commercial position even if the listings were reinstated.

48. Critically, the delisted Accused Products comprise Plaintiff's sole product offering and the cornerstone of its VattaFrast Amazon storefront, which serves as Plaintiff's primary sales channel into the U.S. market. Without these listings, Plaintiff's entire business has been brought to a standstill. As a result of Defendant's wrongful and continued refusal to withdraw its complaint, Plaintiff faces

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 14 OF 18

not just lost revenue, but irreparable harm to its brand equity, customer relationships, and commercial viability. The VattaFrast storefront now faces imminent and potentially permanent closure.

## COUNT III

**(Violation of Washington Patent Troll Prevention Act and Consumer Protection Act – RCW 19.350 et seq. and RCW 19.86 et seq.)**

49. Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

50. Defendant The Grease Box LLC has made bad faith assertions of patent infringement against Plaintiff by filing an APEX complaint with Amazon alleging that Plaintiff's products infringe the '895 Patent.

51. Defendant's APEX complaint resulted in Amazon delisting Plaintiff's key product listings, thereby causing substantial commercial harm, including loss of sales, reputational injury, inventory disposal, and loss of access to Plaintiff's primary U.S. sales platform.

52. Despite being presented with a detailed non-infringement analysis and a good-faith request to withdraw the APEX complaint, Defendant has failed to do so and has provided no substantive rebuttal or infringement analysis in response.

53. Defendant's conduct constitutes a bad faith assertion of patent infringement in violation of the Washington Patent Troll Prevention Act (RCW 19.350).

54. Defendant's response did not include any meaningful claim chart, element-by-element comparison, or factual allegations explaining how Plaintiff's products meet the specific limitations of any asserted claim of the '895 Patent. The Accused Products are publicly available and clearly lack key structural elements required by the patent claims.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 15 OF 18

55. Upon information and belief, Defendant first listed a product corresponding to the '895 Patent on Amazon on or about February 10, 2025—approximately one week after Plaintiff's products were removed from the platform on February 3, 2025.

56. Defendant used its bad faith patent infringement complaint to cause the improper removal of Plaintiff's competing products from Amazon, and then subsequently listed its own competing product to unfairly capture sales opportunities that rightfully belonged to Plaintiff.

57. Defendant's violation of the PTPA also constitutes a violation of the Washington Consumer Protection Act which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. See RCW 19.350.030; RCW 19.86.090.

58. Defendant's acts are unfair and deceptive business practices that threaten the public interest by undermining commercial trust, deterring innovation, and harming investment in lawful e-commerce and product development activities.

59. Plaintiff has suffered actual injury as a result of Defendant's unlawful conduct and is entitled to relief under the PTPA and CPA, including actual damages, treble damages as permitted by law, reasonable attorneys' fees, and injunctive relief prohibiting Defendant from further asserting the '895 Patent in bad faith.

## PRAYER FOR RELIEF

60. Damages, treble damages, and attorney fees pursuant to RCW 19.86.090 for Defendant's violation of the PTPA and CPA.

61. A declaration that Plaintiff's accused products do not infringe any valid or enforceable claim of U.S. Patent No. 11,812,895 B2;

62. A judgment that Defendant's conduct constitutes tortious interference with Plaintiff's

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 16 OF 18

existing and prospective business relationships;

63. An award of actual, consequential, and compensatory damages sustained by Plaintiff as a result of Defendant's tortious conduct, including but not limited to lost sales, lost profits, reputational harm, and loss of customer goodwill;

64. Granting preliminary and permanent injunctive relief against Defendant, and ordering Defendant and its officers, directors, agents, counsel, servants, employees, and all persons acting in concert or participation with it to withdraw the Amazon APEX complaint and to be restrained from asserting, representing, or otherwise stating that any of Plaintiff's Accused Products infringe U.S. Patent No. 11,812,895 B2;

65. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

66. Awarding Plaintiff all damages caused by Defendant's unlawful acts, including but not limited to compensatory, consequential, and punitive damages, as well as pre- and post-judgment interest as provided by law;

67. Ordering Defendant to pay all fees, expenses, and costs associated with this action;

68. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 17 OF 18

DATED:   July 10th, 2025            Respectfully submitted,


By:  s/ *Jianwei Wang*

Jianwei Wang, Esq.
Washington State Bar No. 63131
Alight Law P.C.
M: 4202 Meridian St
Ste 105-313
Bellingham, WA 98226
P:(650)468-0560
Email: andy.w@alightlaw.com


Hongchang Deng (*Pro Hac Vice Forthcoming*)
California Bar No. 354529
SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
P: +267 8888281
Email: Deng.hongchang@shm.law


*Attorneys for Plaintiff Shenzhen Huajing International Trade Co., Ltd.*

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-1300

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 18 OF 18